UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| WB MUSIC CORP., WILLIAMSON MUSIC COMPANY, LORENZ HART PUBLISHING CO., STRATFORD MUSIC CORPORATION, ANTISIA MUSIC, INC., CHERRY LANE MUSIC PUBLISHING, BURT BACHARACH D/B/A HIDDEN VALLEY MUSIC, HAL DAVID D/B/A CASA DAVID AND CHAPPELL & CO., INC., Plaintiffs, -against- THE BLUES DINER, INC., JOHN A. MELLO AND KELLEY J. MELLO, Defendants. | Civil Action No. **COMPLAINT** |

Plaintiffs, complaining of the Defendants, by Holland & Knight, LLP their attorneys, allege:

1. This is a suit for copyright infringement under Title 17, U.S.C. Jurisdiction of this Court is based upon Title 28, U.S.C., Section 1338(a).

2. Plaintiffs allege six (6) causes of action for copyright infringement based on the Defendants' public performances of copyrighted musical compositions. SCHEDULE A annexed to the Complaint sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

3. Plaintiffs named in Column 2 (all references to columns are to columns in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4. Defendant The Blues Diner, Inc. is a Massachusetts corporation which did at the times hereinafter mentioned and still does own, control, manage, operate and maintain a place of business for public entertainment, accommodation, amusement and refreshment known as The Blues Grille & Piano Bar, located at 454 Main Street, in Melrose, in the State of Massachusetts.

5. Upon information and belief, Defendants John A. Mello and Kelley J. Mello are residents of this District and, at all times hereinafter mentioned John A. Mello was and still is President and Secretary and Kelley J. Mello was and still is Treasurer and Director of Defendant The Blues Diner, Inc. Defendants John A. Mello and Kelley J. Mello share joint responsibility for the control, management, operation and maintenance of the affairs of said corporation. The acts hereinafter complained of were done with their active assistance, cooperation, acquiescence and procurement, and they derive financial benefit therefrom.

6. Musical compositions were and are publicly performed at said place of business.

7. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

8. The compositions named in causes of action 1 through 3 and 6 were published on the dates stated in Column 5, and since the dates of publication have been printed and published in strict conformity with Title 17, U.S.C.

9. The compositions named in causes of action 3 through 6 were registered as unpublished compositions on the dates stated in Column 5.

10. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

11. All of the compositions are now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued Certificates of Registration of the respective claims to the renewal of copyrights in the names of those claimants listed in Column 7. The dates and identification numbers of such certificates are set forth in Column 8.

12. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions on Defendants' premises, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

13. The performances of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 on Defendants' premises were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff or any agent, servant or employee of any Plaintiff to give such performances.

14. In undertaking the conduct complained of in this action, Defendants knowingly, intentionally and willfully violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) Defendants have not sought or obtained a license agreement from Plaintiffs or the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all Plaintiffs are members.

(b) Last year, several copyright owners, also members of ASCAP, brought a virtually identical infringement action against Defendant The Blues Diner, Inc. That action, <u>Songs of Peer, Ltd., et al. v. The Blues Diner, Inc.</u>, Civil Action No. 08-CV-10804-RBC (filed May 14, 2008), is still pending.

(c) Despite the filing of the <u>Songs of Peer, Ltd.</u> action and repeated reminders of their liability under the United States Copyright Law, Defendants have continued to perform copyrighted music without permission during the hours that Defendants' establishment is open to the public for business and presenting musical entertainment. The many unauthorized performances at The Blues Grille & Piano Bar include the performances of the six copyrighted musical compositions upon which this action is based.

15. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

16. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will

suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in Defendants' said premises, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(2), namely, not more than One Hundred Fifty Thousand Dollars ($150,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

By their attorneys,

Holland & Knight, LLP

By:    /s/ Stephen S. Young
      Stephen S. Young (BBO #538040)
      10 St. James Avenue
      Boston, MA 02116
      (617) 523-2700
      steve.young@hklaw.com

Dated: March 26, 2009

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Renewal | Renewal Certificate Date and Number | Date of Known Infringement |
| 1. | WB MUSIC CORP. | AT LAST | MACK GORDON<br>HARRY WARREN | 7/2/42 | EP 105826 | TWENTIETH CENTURY MUSIC CORP, AS "PROPRIETOR IN A WORK MADE FOR HIRE"; HARRY WARREN, AS "AUTHOR". | 7/2/69<br>R 464802 | 2/21/09 |
| 2. | WILLIAMSON MUSIC COMPANY AND LORENZ HART PUBLISHING CO. | MY ROMANCE | LORENZ HART<br>RICHARD RODGERS | 11/1/35 | EP 51387 | RICHARD RODGERS, AS "AUTHOR OF MUSIC" AND RICHARD RODGERS AND WILLIAM H. KRON, AS "EXECUTORS OF AUTHOR OF WORDS (LORENZ HART, DECEASED)". | 11/1/68<br>R 303968 | 2/21/09 |
| 3. | STRATFORD MUSIC CORPORATION | JUST IN TIME | BETTY COMDEN<br>ADOLPH GREEN<br>JULE STYNE | 10/15/56 EP 103361 REGISTERED AS UNPUBLISHED 8/10/56 EU 446822 | | BETTY COMDEN AND ADOLPH GREEN, AS "CO-AUTHORS OF THE WORDS"; JULE STYNE AS "AUTHOR OF THE MUSIC". | 1/8/84<br>RE 199-100 | 2/21/09 |

SCHEDULE "A"

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Renewal | Renewal Certificate Date and Number | Date of Known Infringement |
| 4. | ANTISIA MUSIC, INC. CHERRY LANE MUSIC PUBLISHING | WHERE IS THE LOVE | RALPH MAC DONALD WILLIAM SALTER | | REGISTERED AS UNPUBLISHED 11/8/71 EU 290901 | RALPH MACDONALD "AUTHOR OF WORDS, MUSIC AND PIANO ACC WILLIAM SALTER "AUTHOR OF WORDS, MUSIC AND PIANO ACC | 3/31/99 RE 808-150 | 2/21/09 |
| 5. | BURT BACHARACH D/B/A NEW HIDDEN VALLEY MUSIC AND HAL DAVID D/B/A CASA DAVID | I SAY A LITTLE PRAYER | HAL DAVID AND BURT BACHARACH | | REGISTERED AS UNPUBLISHED 11/28/66 EU 968-865 | BURT BACHARACH AS "CO-AUTHOR" HAL DAVID AS "CO-AUTHOR" | 1/10/94 RE 640-658 | 2/21/09 |
| 6. | CHAPPELL & CO., INC. | PEOPLE | BOB MERRILL JULE STYNE | 1/15/64 EP 183238 REGISTERED AS UNPUBLISHED 11/22/63 EU 801013 | | BOB MERRILL, AS "AUTHOR OF WORDS"; JULE STYNE, AS "AUTHOR OF MUSIC". | 7/2/91 RE 535-617 | 2/21/09 |

SCHEDULE "A"